JOSEPH ABRAMS and MANUAL ABRAMS, Plaintiffs in Error,

*vs.*

REUBEN D. JONES et al., Defendants in Error.

ERROR TO MILWAUKEE COUNTY COURT.

The court has no jurisdiction to render a judgment in replevin, determining the right of the defendant to the property, unless there has been a service upon, or notice to him; nor to render a judgment for costs against him.

A writ of error lies to an inferior court to reverse a judgment rendered therein, although that court had no jurisdiction of the matter.

A writ of error lies to reverse a void judgment.

THIS was an action of replevin commenced in the County Court of Milwaukee county by the defendants in error, against the plaintiffs in error.

The writ of replevin was in the *detinet* for one case of dry goods, issued May 3, 1855, and was placed in the hands of S. S. Conover, Sheriff of Milwaukee county, who, on the 5th of May, 1855, made return, substantially, that he replevied the case of dry goods which was found in the warehouse of Kellogg & Strong, Milwaukee, Wis.; that he caused the same to be appraised, &c.; that he delivered the goods to complainants, "and that, on diligent search, he was unable to find either of the defendants herein named."

The writ was returned and filed on the 7th May, 1855, and on the 14th June, 1855, a further return was made, as follows, to wit:

"And by leave of the court first had and obtained, I hereby make this further return, that, on diligent search, I was unable to find either of the defendants herein named, for the reason that they kept themselves concealed, so that process could not be served upon them, and neither of said defendants having a place of abode in this county, that I therefore served the within writ upon Kellogg & Strong, by reading this writ to Robert H. Strong, one of the partners of the firm of Kellogg & Strong, the

said Kellogg & Strong being the parties in whose custody the said goods were found as agents or consignees, and that I so served this writ on the third day of May, 1855."

SAMUEL S. CONOVER, *Sheriff*,

By WM. BECK, *Under Sheriff.*

*Milwaukee, June* 14, 1855.

On the 17th May, 1855, the plaintiffs filed a declaration in the *detinet,* but served no copy.

And on the 14th of June, 1855, the counsel for Jones *et al.,* caused the default of Abrams *et al.,* to be entered.

And on the 18th of June, judgment interlocutory was entered, and the counsel for Jones *et al.,* moved for final judgment, and waiving a jury proceeded to have his damages assessed by the court. Whereupon the court found the property replevied and the right of possession to be in the plaintiffs, and found the value of the same to be $390.86, and assessed the damages to the plaintiffs for the unjust detention at six cents.

Whereupon the court rendered final judgment that the plaintiffs (in the court below) have and retain possession of the property replevied, and that they recover of the defendants (in court below) six cents damages, and $44.06 for their costs, and that they have execution therefor.

To reverse this judgment a writ of error was sued out, and it was alleged for error that the court below had no jurisdiction to render the judgment, there having been no service of any kind upon the defendants or either of them, and hence the judgment was void.

*Lakin and Steever,* for the plaintiffs in error.

*Emmons and Van Dyke,* for the defendants in error.

*By the Court,* WHITON, C. J. The writ of replevin which was issued in this case, was served by replevying a quantity of dry goods found in the possession of Kellogg & Strong, who were not parties to the suit, and by reading the writ to Robert H. Strong, one of the firm of Kellogg & Strong. The defendants were not notified of the pendency of the suit in the court below, and did not appear. They were consequently defaulted, and

the plaintiffs obtained judgment that they "have and retain possession of the said property in this cause replevied," and also for damages (which were nominal merely), together with costs taxed at $44.06.

We are of the opinion that the court below had no authority to render judgment in this case, for the reason that there was no such service of the writ of replevin as gave it jurisdiction. As there is no bill of exceptions, we cannot tell what testimony was introduced to show that the defendants below ever had the goods in their possession, or set up any claim to them; but it seems clear that in the absence of a service upon them of the writ of replevin, their right of possession (if they had any) to the goods, could not be affected by the judgment which was obtained against them. It is equally clear that the judgment which was rendered against the defendants for costs, was without authority.

The statute is also decisive of the question. The Revised Statutes (*chap.* 117, *sec.* 10) provide that the summons shall be served on the defendant personally, or when he cannot be found, by leaving a copy at his usual place of abode with his wife, or some person of proper age. As there was no such service of the writ in this case, the court did not obtain jurisdiction of the defendants, so as to have power to render a valid judgment against them.

But the defendants contend that, admitting the judgment to be void for the reasons above given, no writ of error will lie to reverse it. They contend that as the judgment is utterly void, there is nothing upon which the writ of error can operate. But this court has decided otherwise. In the case of *Mitchell vs. Kennedy* (1 *Wis. Rep.* 511), we reversed a judgment for costs, although we held that the court below had no jurisdiction, and in numerous cases since have held the same doctrine. *Jordan vs. Dennis*, 7 *Met. Rep.* 590; *Capron vs. Van Noordan*, 2 *Cranch Rep.* 126; *Striker vs. Mott*, 6 *Wend. Rep.* 465.

Judgment reversed.