## JOHN G. LEE *v.* JAMES T. DOZIER.

1. PLEADING: OFFICE OF PLEA PUIS DERNIER CONTINUANCE.—The office of a plea *puis dernier continuance*, is to set up matter of defence arising after the last continuance, and not that which, existing before, has just come to the knowledge of the party pleading.

2. CONTRACT: MUTUAL AND DEPENDENT STIPULATIONS.—Where an agreement contains mutual stipulations, and intended to be executed by both parties, the signature of one will not be binding until the other party signs also. But where the stipulations are contained in separate instruments, each to be signed by the party to be bound thereby, it is not essential that all should sign each of the instruments.

3. CONTRACT FOR SALE AND PURCHASE OF LAND: STIPULATIONS MUTUAL AND DEPENDENT: OFFER TO PERFORM.—In an agreement for the sale and purchase of lands, where the promise to pay the money and the stipulation to convey are mutual and dependent, neither party can compel performance of the other, without first offering to perform his part of the agreement.

4. PLEADING: PLEA MUST BE PERFECT AND COMPLETE IN ITSELF.—Every plea must be perfect and complete in itself, and must contain sufficient matter to bar the action, and cannot be made to depend on matter contained in other pleas, unless such matter is expressly referred to.

5. PLEADING: WRITINGS SET FORTH ACCORDING TO THEIR LEGAL EFFECT.—Writings, in pleadings in courts of law, must be set forth by proper averments, and according to their legal effect and operation; it is not sufficient to set them forth *in hæc verba*, or append them as exhibits. The rule of pleading in the chancery courts is different.

6. PLEADING: JUDGMENT OF RESPONDEAT OUSTER.—Upon sustaining a demurrer to pleas, the judgment of the court should be *respondeat ouster;* and the failure to render such a judgment is so manifestly and palpably erroneous, that the High Court of Errors and Appeals will consider the error, though the point was not raised in the court below.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

The action is founded on a promissory note, of which the following is a copy:

$1800.00

December 30, 1859.

On the first day of February next I promise to pay James T. Dozier or order eighteen hundred dollars for value received.

JOHN G. LEE.

The declaration is in the usual form. At the May Term of the court, 1860, defendant Lee pleaded the general issue. At the November Term, 1860, he filed the following pleas: "And now at this day, etc., until, etc., comes the said plaintiff by his attorney, and the said defendant by his attorney aforesaid; and the said defendant saith, that the said plaintiff ought not further to have or maintain his aforesaid action thereof against him, because he saith, that the note on which said action was instituted, was executed and delivered by said defendant to said plaintiff in payment of the following described land (describing it), situated in the Parish of Bienville, State of Louisiana; that prior to the execution and delivery of said note to said plaintiff, he, the said plaintiff, executed and delivered to the said defendant a certain instrument in writing, purporting to be a title bond, a copy of which is herewith filed and made a part of this plea, which said instrument in writing, the said defendant, a non-resident of the said State, and altogether ignorant of the requirements of the laws of the same in reference thereto, then understood and supposed to be properly drawn and executed, according to the requirements of the laws of Louisiana. That after the last continuance of this cause, to wit, May 21, 1860, and before this day, to wit, November 5, 1860, the said defendant ascertained, and now asserts, that the said instrument in writing, or title bond, thus executed and delivered by said plaintiff to said defendant, and in consideration of which said defendant executed and delivered to said plaintiff his said note on which said action is instituted, was not drawn or executed in accordance with the peculiar requirements of said laws of said State, in that the said instrument was not signed by both of the parties to said contract, nor registered in the office of a notary or otherwise as required by said laws of said State, and that, therefore, accord-

ing to said laws, said instrument is null and void, not securing said land to said defendant, nor protecting said defendant from *bonâ fide* purchasers and creditors of said plaintiff, and that therefore the consideration for which said note was given has altogether failed. And this he is ready to verify, etc.

And for second plea in this behalf, the said defendant says, that after the last continuance of this cause, and before this day, to wit, on the 21st May, 1860, the said plaintiff refused to give possession of the said land to said defendant, although requested so to do, and notwithstanding said plaintiff's having instituted suit on defendant's note given for said land, and that said plaintiff still retains possession of said land, cultivating the same for his own benefit and profit. And this he is ready to verify.

The title bond filed as an exhibit to the first plea, is in the usual form, and conditioned, that if Dozier by the first of February next, upon the request of Lee, and the payment of the sum of $1,800, will make a deed of conveyance in fee-simple with the usual covenants to certain land, that the obligation is to have no effect. It is signed by Dozier alone, and not registered.

Plaintiff demurred. The demurrer being sustained, the court proceeded to submit the issue presented by the first plea (general issue) to a jury, who returned a verdict in favor of Dozier. Lee prosecutes this writ of error, and the only cause assigned is the action of the court below in sustaining the demurrer to his pleas.

*Rives* and *Elliott* for plaintiff in error, contended,

1. That ignorance of the laws of a State, by a non-resident, operates as ignorance of fact. Robinson's Practice, 252; *Haren* v. *Foster*, 9 Pick. 129.

2. That the instrument or title-bond is illegal and void. Civil Code of La., section 2, article 2238; 6 La. R. 530; 4 Martin, 265; 2 La. R. 122.

3. That before plaintiff Dozier could sue upon the note, he he must first offer to perform his part of the agreement. *Kane* v. *Hood*, 13 Pick. 281–3; Hilliard on Vendors, volume 2, page 71; 10 S. & M. 562; 7 How. 174.

*Johnston* and *Shelton* for defendant in error, contended,

1. That the title-bond was valid by the laws of Louisiana. 12 Rob. 210; 5 N. S. 362; 7 M. 375; 8 Rob. 181; 9 Rob. 414.

2. That ignorance of the law excuses no one. 2 Kent, 491; 1 Johns. Ch. 512; 2 Ib. 51; 6 Ib. 166; Story's Eq. Ju. 129, 151.

ELLETT J., delivered the opinion of the court.

The declaration in this case is upon a promissory note. The defendant pleaded the general issue, and at a subsequent term filed two special pleas, as pleas *puis dernier continuance*. The first of these avers that the note sued on was given in payment of land in Louisiana, and that prior to the making of the note, the plaintiff had executed a title bond, a copy of which is filed and prayed to be made a part of the plea, which instrument the defendant, a non-resident of the State of Louisiana, and ignorant of its laws, understood and supposed to be properly drawn and executed, in accordance with the laws of said State; that after the last continuance of this cause, he ascertained that said instrument was not executed or drawn in .accordance with the peculiar laws of said State, in that it was not signed by both parties, nor registered as required by said laws, and· is therefore void, and that consequently the consideration of said note had failed.

The second of said special pleas merely was that after the last continuance the plaintiff refused to give possession of the said land to the defendant, although requested so to do, and retains the same for his own benefit and profit.

The agreement, called a title bond, a copy of which is filed with, and prayed to be taken as a part of, the first plea, is in the ordinary form of a bond for title, except that it is not sealed; and Dozier thereby bound himself in a penalty, by the first of February, the day of the maturity of the note sued on, upon the request of Lee, and payment of the purchase-money, to convey the land to the latter.

The plaintiff demurred to both pleas, and the demurrer was

Lee v. Dozier.

sustained; whereupon a jury was impanelled to try the issue, and a verdict and judgment were given for the plaintiff.

Both these special pleas were bad. The first contained no matter that could be pleaded *puis dernier continuance*. The office of such a plea is to set up a matter of defense arising after the last continuance, not one which, existing before, has just come to the knowledge of the party. The facts pleaded in this case were covenant with the execution of the agreement, and were necessarily within the knowledge of the defendant. But he alleges that he had only, since the last continuance, ascertained the law of Louisiana on the subject. That, however, does not alter the case. The matters relied on, that is, the want of his own signature to the contract, and the failure to register it, are not facts that occurred after the last continuance, and therefore cannot be so pleaded.

We have no idea that the plea states correctly the law of Louisiana applicable to such a case, or that any court in our sister State would hold this agreement to be void between the parties, for the reasons assigned. The cases cited seem to go only to the extent, which commands our full approval, that where the agreement contains stipulations on both sides, and is obviously intended to be executed by both parties, the signature of one party will not be binding on him, until the other party signs also. Each party signs on the tacit condition that all the other parties will sign, and that until the final assent is given, there being no concurrence of different minds, any one may retract. *Herriot* v. *Bronssard*, 4 Martin N. S. 260; *Syndic of McManus* v. *Jewett*, 6 Louisiana R. (by Curry), 530. In the present case the stipulations of the two parties were contained in separate instruments. One signed the note for the purchase money, and the other the agreement to convey when the money should be paid; and it could be no more essential that both should sign the agreement for title, than that both should sign the note for the money. Furthermore, the supposed defects are the omissions of the defendant himself, and could at any time have been supplied by him.

It is very clear that the promise to pay the money and the

31

agreement to convey the land, are mutual and dependent agree-ments, and that neither party can compel performance by the other, without first offering to perform his own part. Before the defendant could avail himself of the supposed invalidity of the agreement as a defense to this action, he should have offered to pay the money, and demanded a conveyance of the land. On the other hand, if the proper defense were made, it is equally manifest that the plaintiff could not recover on the note against the defendant, without showing a previous tender of a proper deed, conveying the land, and a demand of the purchase-money.

The second special plea does not show anything in relation to the consideration of the note, nor connect it in any way with any land, but only alleges that since the last continuance the plaintiff " has refused to give possession of the said land," not stating what land, or giving any reason why possession ought to have been delivered. Every plea must be complete and perfect in itself, and must contain sufficient matter to bar the action, and cannot be made to depend on facts stated in other pleas. Each plea must stand or fall by itself, and cannot be helped by matter contained in another plea, unless such matter is expressly referred to. 1 Chitty, 563; Willes' R. 380; 2 Johns. 437; 2 Mass. 543. So, writings must be set forth by proper averment in the plea, and according to their legal effect and operation; and it is not sufficient to set them forth *in hæc verba*, much less to append them to a plea by way of exhibits. The latter is a mode of pleading adapted to proceedings in courts of chan-cery, but finds no countenance in the simplicity and precision inculcated by the rules of the common law.

But if this plea had contained proper averments, that the note sued on was given for the purchase-money of land, and had set out the agreement for the title, it would still have been fatally defective in not alleging the tender of the money at the time when the possession was demanded.

The demurrer was therefore properly sustained to both these pleas, and thereupon the court ought to have entered a judg-ment of *respondeat ouster* as required by the statute. Rev.

Code, 495, article 110. Instead of this, no judgment was entered on the demurrer, but a jury was forthwith empanelled to try the issue on the plea of non-assumpsit.

This irregularity is not expressly complained of; but the error is so palpable, and it is so plain that the merits of the case have not been presented in the court below, that we do not feel at liberty to pass it over. The judgment will therefore be reversed, and the cause remanded, with directions to the court below to enter a judgment on the demurrer, that the defendant do answer over to the declaration.