WESLEY DRANE *et al. v.* BOARD OF POLICE, ETC.

1. PLEADING: DEMURRER TO PLEA: JUDGMENT OF RESPONDEAT OUSTER.—
If a plea be demurred to, and the demurrer be sustained, the judgment of
the court should be that defendant answer over, although there may be
other pleas on file upon which there is issue joined.

ERROR to the Circuit Court of Madison county.    Hon. J. A.
P. Campbell, judge.

Action by defendant in error against plaintiffs in error on a
promissory note.    Plea of the general issue, and two special
pleas of the Statute of Limitations.    The special pleas were de-
murred to, and demurrer sustained, and jury and verdict for
defendant in error on the issue presented by the first plea.
From this judgment plaintiffs in error prosecute this writ of
error, and complain that the court below, upon sustaining the de-
murrer to the special pleas, did not render a judgment of *re-
spondeat ouster*.

*G. L. Potter* for plaintiffs in error.

The statute provides that where demurrer to "the plea" of
defendant shall be sustained, the judgment shall be that defen-
dant answer over.    Code, 495, § 110.    The term "the plea," in
this case, means the plea demurred to, and does not refer only to
the case of a single plea filed.    The Code allows a defendant
to plead several pleas — as many as may be necessary to his
defence.    If demurrer is sustained to part of his pleas, the
judgment must be *respondeat ouster;* otherwise the policy of
the law might be defeated, and the defendant be precluded,
by technical objections to some of his pleas, from making all
the defences allowed by the statute.

The doubt suggested in 9 S. & M. 463 was afterward an-

swered by this court in a case where, as here, there was a plea of non assumpsit, and special pleas, and demurrers were sustained to the special pleas. This court held that in such a case, which is the very case at bar, the judgment should have been *respondeat ouster*, and reversed the judgment for that cause. *Lee* v. *Dozier*, 40 Miss. 482–3. See also *Rhodes* v. *M'Donald*, 24 Miss. 424; *Wilkinson* v. *Patterson*, 6 How. 193; *Harrison* v. *Agl. Bank*, 2 S. & M. 310.

The error is *in the judgment* on the demurrer, a part of which should have been that the defendants answer over; and, as heretofore in the precise case, this court will reverse for that error. It is vain to say the defendants did not offer to plead over, for the law required no such thing. They had the *right* to plead over, and a right to a proper judgment to that effect.

The case of *Hardin* v. *Pelan* is not in point. That was a judgment on demurrer to a pleading of plaintiff — a *replication;* and the statute on which we rely is limited to cases of demurrers to *pleas*. A *plaintiff* cannot claim the benefit given by the statute to the defendant. The law is imperative, and its construction is settled. We claim its benefits.

*John Handy* for defendant in error.

There is no error as to the question of Statute of Limitations. That is settled in our favor by the case of *Boyland* v. *Hill*, 40 Miss. Rep.

As to there being no judgment of *respondeat ouster*, on sustaining our demurrer to the second and third pleas, there was no error. There was an issue joined on the *first plea* of defendant, and a jury and verdict for plaintiff. If there had been *no issue*, we admit that there ought to have been a judgment of *respondeat ouster*. In *Besancon* v. *Shirley*, 9 S. & M. R. 463, Judge Sharkey says that the statute directing a judgment of *respondeat ouster*, on sustaining a demurrer to a plea, seems to have been intended to mitigate the rigor of the common-law rule of pleading, by which, when a judgment was rendered, sustaining a demurrer to a plea, the judgment of *quod recuperet* immediately followed; and that the statute has no application to a case like

the' present, where the defendant has filed already one good plea (as in this case), upon which there is an issue.

The object of the statute most manifestly was simply to prevent the rendition of judgment *quod recuperet*, without an issue to the jury, or the privilege of making an issue, and cannot apply to a case where there was an issue and a trial by jury. There being an issue, it was no matter of absolute right on the part of defendant to file further pleas, when the second and third pleas were held bad; it was discretionary with the court to allow the filing of further pleas, or to refuse it; for otherwise pleas might be filed *in perpetuam*, and the case kept revolving in a circle, without any end to it, to the manifest delay of a plaintiff's just rights, and just so long as the ingenuity of counsel could invent new pleas; and if it were discretionary with the court to allow or disallow further pleas, on sustaining the demurrer to the second and third pleas, there being already an issue on the first plea, the exercise of that discretion cannot be assigned, in this court, as error. So that in the present case, if the defendants below had offered to plead further, after the demurrer was sustained, the court would not have been bound by law to have allowed it to be done; and, *a fortiori*, there was no error in the present case, in which the record shows that there was no offer by defendant to plead again, after judgment on demurrer. See *Hardin* v. *Pelan*, 41 Miss. 112.

And inasmuch as there was no tender of further pleas, and no desire expressed by them to plead any more than they had pleaded already, the failure of the clerk to recite the fact that defendants did not offer to plead further may well be treated as such an "informality in entering up the judgment by the clerk" as is cured by statute of jeofails, even if we considered that the statute directing *respondeat ouster* applied to such a case, which we have already shown it does not do.

PEYTON, J., delivered the opinion of the court.

The President of the Board of Police of Madison County brought an action of assumpsit in the Circuit Court of said county against the plaintiffs in error, to which they pleaded

the general issue, and two special pleas of the Statute of Limitations.

The defendant in error demurred to the special pleas, and the demurrer was sustained by the court, and the cause proceeded to trial upon the issue joined upon the first plea, and resulted in a judgment against the plaintiffs in error. From this judgment they prosecute this writ of error, and assign for error, that upon sustaining the demurrer to the defendants' special pleas to the plaintiff's declaration the court did not render a judgment of *respondeat ouster*.

The statute makes it the imperative duty of the court, upon sustaining a demurrer to the defendant's plea to the declaration, to render judgment that the defendant answer over to the declaration. Rev. Code, 495, art. 110.

It is insisted by counsel for defendant in error, that the object of the statute was simply to prevent the rendition of judgment *quod recuperet* without an issue to the jury or a privilege of making an issue, and cannot apply to a case where there was an issue and a trial by jury.

This court has decided that *respondeat ouster* is the proper judgment on sustaining a demurrer to defendant's plea to the declaration in cases in which the cause has been tried upon issues joined upon other pleas. This is deemed the appropriate judgment of the court in such cases, whether the defendant avails himself of it or not. *Lee* v. *Dozier*, 40 Miss. 482.

The judgment will be reversed and the cause remanded, with directions to the court below to enter a judgment on the demurrer, that the defendants do answer over to the declaration.