The First National Bank of Muscatine v. Krance.

the contractors are indebted to him therefor in the sum of two hundred and fifty-eight dollars and fifty cents. The petition also shows that the plaintiff has taken all the steps necessary to establish his mechanic's lien upon the building as a sub-contractor, and has a mechanic's lien upon the building, providing a mechanic's lien can be established against a building owned and held by the county for county purposes. The defendant demurred to the petition, and the demurrer was sustained. Plaintiff appeals.

*Hiram Shaver*, for appellant.

*H. H. Potter*, for appellee.

---

THE FIRST NATIONAL BANK OF MUSCATINE v. KRANCE ET AL.

1. **Venue: JURISDICTION: PRACTICE.** Where, upon a default being set aside, the defendants were required to answer in twenty days, and after that time had elapsed moved for an order for change of place of trial on the ground that they were residents of another county, *held*, that upon default being a second time obtained they were not entitled to relief.

2. **Practice: ATTORNEY'S FEE: EVIDENCE.** Where a note provides for a reasonable amount for attorney's fee, it is erroneous for the court to fix and render judgment for an amount without evidence by which to determine it.

*Appeal from Butler District Court.*

FRIDAY, DECEMBER 13.

ACTION upon a promissory note. The defendants were defaulted, and afterward, on the 12th day of September,

1877, the default was set aside and the defendants required to answer in twenty days. On the 7th day of May, 1878, the defendants moved for an order for change of place of trial to Grundy county, upon the ground that the defendants were residents of that county. On the 9th day of May, 1878, no answer being yet filed, the plaintiff moved for default, and on the same day the court granted the motion for default, and overruled the motion for change of place of trial. The plaintiff then offered in evidence the note, which provided that a reasonable amount should be allowed as attorney fees, and the record shows that the note and attorney fees were allowed without any other evidence than the 'note sued on, but what amount was allowed as attorney fees is not shown. Judgment for plaintiff. Defendants appeal.

*J. H. Scales*, for appellants.

*Fred. Gilman*, for appellee.

ADAMS, J.—I. Section 2589 of the Code provides that "if a suit be brought in the wrong county it may there be prose-

1. VENUE: jurisdiction: practice.

cuted to a termination unless the defendants, before answer, demand a change of place of trial to the proper county." One design of the provision requiring applications to be made before answer doubtless is to give the plaintiff as speedy a trial as can be given him consistently with the error which he has made. In this case, default having been made, it was proper for the court, in setting it aside, to prescribe that the defendants should answer in twenty days. If they desired to change the place of trial they had twenty days in which to make the application, and we think that they could not properly claim more than that. The court might have ruled that they should answer instanter, but they obtained twenty days, which, in all probability, extended beyond the term, or at least such might be the fact, and we think that they should not be allowed to take advantage of

the indulgence of the court after having been once in default, and their own laches, to gain more time.

II. The defendants complain of the allowance of attorney's fees without evidence. In this we think the court erred. We discover no other error.

**2. PRACTICE: attorney's fee: evidence.**

REVERSED.