St. Joseph Manufacturing Company v. Harrington.

St. Joseph Manufacturing Company v. Harrington.

1. **Justice of the Peace: INSTRUCTIONS: POWER TO GIVE.** A justice of the peace has no power to instruct a jury called in the trial of a cause before him, and questions as to the correctness of instructions given by a justice will not be considered on appeal, although the power to instruct is not questioned by the parties.

*Appeal from Buena Vista Circuit Court.*

WEDNESDAY, APRIL 21.

A WRIT of error was issued from the Circuit Court to a justice of the peace upon the application of plaintiff, against whom judgment had been rendered in this case, and upon return thereof the judgment of the justice was affirmed. Plaintiff appeals. The facts of the case are stated in the opinion.

*Charles D. Goldsmith*, for appellant.

*William Wart* and *Robinson & Milchrist*, for appellee.

BECK, J.—I. An action was brought before a justice of the peace upon a promissory note. Upon the trial of the cause to a jury the justice gave them certain instructions upon the law of the case touching the burden of proof, the preponderance and equipoise of evidence, the legal effect of a contract of warranty upon the sale of goods and the rights of the parties thereunder. These instructions and the ruling of the justice in awarding the affirmative of the issues to defendant are complained of as erroneous in the application for the writ of error, and were made the grounds of the decision of the Circuit Court.

1. JUSTICE of the peace: instructions: power to give.

The amount in controversy is less than one hundred dollars. The judge of the Circuit Court, as required by statute, certifies the questions which he desires this court to determine; they involve the correctness of the instructions given

by the justice of the peace; the Circuit Court held them correct.

II.  No objection was made in the court below, or is made here, based upon the want of power of a justice of the peace under the law to instruct a jury.  The parties seem to concede by their silence that a justice of the peace may lawfully instruct a jury called before him as to the law of the case. Does the want of objection by the parties in this case preclude us from deciding this question?

It will be observed that the question involves a matter of power of the justice.  If he possesses no such power, his acts in the premises are void.  If that be the case we cannot in any form recognize his illegal and void act.  Surely we cannot be expected to review the decisions of a court in a matter of which it had no authority, though the parties may enter no objection to our taking cognizance of the case.  We would not be expected to entertain a case involving the power of a justice of the peace to send a case to a referee.  It is our duty to disregard all acts of other courts done without authority.  In this case if we find the decision of the justice in excess of his power, we will not recognize it.  Our action in this respect cannot be controlled by the silent assent of the parties and the request of the Circuit Court.

III.  Has a justice of the peace power to instruct a jury called before him for the trial of a cause?  The power is not conferred by statute.  He possesses only such powers as are enumerated in the Code.  See § 3516.

The instruction of the jury involves a question of power. It is done in the exercise of judicial functions.  The power is conferred upon the District and Circuit Courts by statute. Code, § § 2784–2789.  It is not conferred upon justices of the peace; they, therefore, possess no such powers.  It would be absurd to hold that these inferior courts are clothed with power to instruct the jury while they cannot enforce obedience to their instructions; they cannot arrest judgment or grant new trials.  Code, § 3550.

Code, § 3516, provides that all proceedings prescribed for the Circuit Court shall be pursued in justices' courts. This does not confer power; it relates to the manner of the exercise of power. The term "proceedings" does not relate to matters pertaining to the powers of the court, but to the form and manner of the exercise of power. The same section declares that justices have only the powers enumerated in the Code. This section gives no support to the position that justices may instruct juries in trials before them; we know of no provision of the statute that does. We are aware of the fact that a work upon justices of the peace recognizes their power to instruct juries. See Iowa Justice, by Conklin & Bissell, p. 442. We are very certain that the doctrine has not been approved by the courts of the State.

IV. We are next to determine what disposition we shall make of the case, finding as we do that the justice had no authority to direct the jury as to their verdict.

It was the duty of the Circuit Court upon discovering by the return of the justice that he had exceeded his authority, whereby the trial as required by law was defeated, to remand the cause for a new trial in accord with the law. As the error of the justice consisted in exceeding his authority, the court should have corrected it, even though the parties made no objections based thereon. The same considerations require us to notice the error in the absence of objections, and to remand the cause to the Circuit Court for proceedings in harmony with this opinion; which is accordingly done.

REVERSED.