HUNTSMAN BROS. & CO., et al., v. LINVILLE RIVER LUMBER
COMPANY.

(Decided April 19th, 1898.)

*Creditor's Bill—Appeal—Practice—Exception to Judg-
ment—Lien—Mechanics Lien — Right of Mechanic
to Hold Personalty for Lien—Sale—Receiver.*

1.  If an inspection of the record proper on appeal discloses error in the
    judgment below it will not be affirmed, although no exception
    was entered thereto or particular assignments of error therein
    were set out by appellant.

2.  Under Section 1783 of *The Code*, one who cuts timber and manufact-
    ures it into lumber for a corporation before a receiver is appointed
    therefor, has the right to retain the possession of such lumber un-
    til his lien is discharged by payment.

3.  Where one, who has the right under section 1783 of *The Code* to re-
    tain possession of and to sell personal property for the purpose of
    defraying his charges, is made a party to an action in the nature
    of a creditor's bill against the owner in which the nature and
    amount of claimant's debt are in dispute, he will be restrained
    from making a sale of the property until such contentions are
    settled.

CIVIL ACTION in the nature of a creditor's bill against
the defendant, an insolvent corporation, heard before
*Greene, J.*, at August Term, 1897, of MITCHELL Superior
Court. The facts appear in the opinion. From the
judgment rendered C. B. Deming, one of the creditors,
appealed.

*Mr. E. J. Justice*, for appellant.
*Messrs. S. J. Ervin* and *W. J. Councill*, for receiver,
appellee.

MONTGOMERY, J.: The statement of the case on ap-
peal is a most unsatisfactory one, and we are not aided

in the least by a reference to the transcript of the record. The case appears to be one in the nature of a creditor's bill against the defendant company, wherein a receiver was appointed to take charge of the property of the defendant corporation " of whatever nature and kind, and in whosoever hands and wheresoever located," and to hold the same without prejudice to the rights, priorities and liens of any of the parties or creditors until further orders of the Superior Court of Mitchell county. It was further ordered that the officers of the company or other persons having the charge or custody of any of the property of the defendant turn the same over to the receiver and that all further proceedings be stayed till the further order of the court. Afterwards, at the August term, 1897, of the Superior Court, a certain order in the nature of a judgment was made consolidating all actions then pending in that court against the defendant and requiring the plaintiffs to file their claims and demands in the consolidated action, due regard to be had to the rights and priorities and liens of the creditors. It was further ordered that all creditors of the defendant be notified according to law to come in and make themselves parties to this action and file their claims. The judgment contained a further order as follows:

" And it further appearing that a creditor of the defendant company, one C. B. Deming, claims a lien on the lumber stacked on the land, leased by him, to-wit: 100 acres of land leased from one D. M. Puett, the said creditor, C. B. Deming, having manufactured said lumber from standing timber claims a right to hold and retain possession thereof, until his alleged debt for manufacturing same is discharged by the company, or the right to sell the same under the provisions of 1783 of *The Code*, is passed upon, and contends that this Court

cannot, without an issue of fact as to C. B. Deming's right to hold possession thereof, being submitted to a jury, order the possession surrendered by said Deming;

"And it further appearing that the amount of said indebtedness is in dispute and contested, and the existence of any lien or right in the said Deming being also contested, and the court being of opinion that all of said questions should be settled in this action;

"It is ordered by the court that the possession of said property be surrendered by the said C. B. Deming to the receiver appointed in this cause, and that said receiver take possession of said lumber, and that the rights of the said C. B. Deming be preserved, and his claim to priority be preserved, and the same shall be passed upon in the further progress of this cause without prejudice to the rights of the said C. B. Deming, as they now exist. And it is further ordered that the plaintiffs herein have leave to file an amended complaint."

Just how Deming was made a party to the suit does not appear in the record, but it must have been in consequence of the service of the order on him to deliver the lumber in his possession to the receiver appointed by the court. He appealed from the judgment of the court without a particular assignment of errors in the judgment, and the counsel of the plaintiffs and of the receiver insisted here that the judgment ought to be affirmed because of the failure of Deming to point out particularly the nature of his exceptions to the judgment. The point would be well taken if upon an inspection of the record such judgment ought to be affirmed. The judgment below in its recitals declared that Deming claimed the right to hold and retain possession of the lumber of the defendant under a lien for

manufacturing the same, and that the receiver ought not to deprive him of its possession until his lien was discharged by a payment of the amount due to him. The recital in the judgment of the plaintiff's claim is a presumption that the same was set up by a proper pleading, and we are compelled to notice it as a part of the record. In *Carter* v. *Rountree*, 109 N. C., 29, the Court said, "It is our duty however to look through the record proper and to see whether it warrants the judgment appealed from although no exceptions appear." And in *Thornton* v. *Brady*, 100 N. C., 38, the Court construed the record as referring "only to such constituent matters of the action as must necessarily go upon and constitute the record of it, and which the Court sees and must take notice of, such as the pleadings, the verdict and the judgment." Upon the inspection of the record, then, we are of the opinion that the judgment, in so far as it orders Deming to surrender the possession of the property to the receiver, ought not to be affirmed. If he has a lien upon the lumber which he cut for the company, he cannot be deprived of the possession of it until his lien is discharged by payment. He has possession of the lumber and under section 1783 of *The Code* he has a right to retain that possession for the purposes therein set forth. His lien, if he has one, appears to have attached to the lumber before the appointment of a receiver and he has the clear right under section 1783 of *The Code* to the full amount of any lien he may be entitled to, free from any possible or probable charges which might be fixed upon it, if it went into the hands of a receiver, for costs and expenses of the suit including the receiver's charges.

The Court below will proceed in the usual way to have the indebtedness of the company to Deming, if any in-

debtednesss there be, ascertained, and also the matter of whether he be entitled to a lien on the lumber. Until these matters are passed upon, Deming should be ordered to withhold from selling the lumber, or any part of it, until his rights have been adjudicated. He will not be allowed, pending the dispute between him and the other creditors as to the amount and nature of his debt, to sacrifice the property by a sale made under Section 1783 of *The Code.* Of course if Deming fails to take proper care of the lumber or should undertake to dispose of it without the order of the court, the receiver will be instructed by a judge of the Superior Court, upon application to him, to take possession of the property for safe keeping, pending the determination of Deming's rights in the action. The judgment is affirmed and modified as we have pointed out.

Modified and affirmed.