T. B. PARKER, *Plaintiff in Error, v.* LEE DEKLE, *Defendant in Error.*

1. In actions at law, while, generally speaking, the consideration of the appellate court will be confined to the errors assigned and argued by the plaintiff in error, yet to this rule there are

certain exceptions. Where a jurisdictional or other fundamental error of law is apparent on the face of the record itself, such error may be considered by the appellate court, though it is not assigned.

2. The statute (section 1035, Rev. St.) that gives authority to clerks to enter final judgments contemplates that the clerk can enter a final judgment after default only in those cases where the cause of action is purely and simply a money demand founded upon a contract for the payment of money only. In cases where extrinsic evidence *dehors* the contract sued upon is necessary to ascertain the amount to be recovered, the clerk has no authority to entertain such evidence or to found a final judgment thereon.

3. Upon a hearing in damages, after the overruling or sustaining of a demurrer, the case stands with reference to the evidence necessary for the plaintiff and admissible for the defendant, precisely as it would have stood upon a default.

4. To ascertain what would be a reasonable attorney's fee in any case requires the introduction of testimony, and to enter up a judgment including attorney's fees, unless the amount of said attorney's fees is definitely provided for or specified in the cause of action, without proof as to what would constitute a reasonable attorney's fee, is error.

5. The proper practice in an action at law, where testimony is necessary for the ascertainment of damages, is to have the assessment of damages in such case made by a jury.

This case was decided by Division A.

Writ of error to the Circuit Court for Manatee county.

The facts in the case are stated in the opinion of the court.

*Langley & Singeltary* for plaintiff in error.

*John P. Wall* for defendant in error.

SHACKLEFORD, J.—An action of assumpsit upon a promissory note was instituted by defendant in error in the Manatee county Circuit Court against plaintiff in error,

which resulted in judgment for defendant in error in the sum of $232.50 damages and $3.93 costs. Plaintiff in error seeks a reversal of this judgment by writ of error in this court and assigns two errors, first, that the court erred in overruling defendant's demurrer to plaintiff's declaration, and, second, that the court erred in sustaining plaintiff's demurrer to defendant's plea.

We deem it unnecessary to set forth the pleadings or to discuss these two errors assigned. Suffice it to say that an examination thereof discloses that they are utterly without merit. However, the record discloses a fundamental error therein in the judgment itself which we feel that it is incumbent upon us to notice of our own motion. In so doing we are not unmindful of the fact that, as was said by this court in *Dell v. Marvin,* 41 Fla. 221, 26 South. Rep. 188, "in actions at law the consideration of the appellate court will be confined to the errors assigned and argued by the plaintiff in error." This is true as a general and abstract principle of law and is correct as applied in the case then for consideration before this court. To this general rule, however, there are certain exceptions. Where the record itself discloses a jurisdictional or other fundamental error, such as that the court below in entering the judgment was without jurisdiction, or that the judgment is void on its face, such matter may be considered by this court, even though no error be assigned expressly presenting same.

We have held that in an equity suit "a jurisdictional matter will be considered by this court, even though the same may not be questioned by the pleadings, or expressly presented." *McMillan v. Wiley,* 45 Fla. 487, 33 South. Rep. 993; *Trustees I. I. Fund of Florida v. Gleason,* 39 Fla. 771, 23 South. Rep. 539. We know of no reason why a like rule should not prevail in actions at law. In *Stowe v. The Mapes Formula and Peruvian Guano Company,* 21 Fla. 153, this court held that where no errors had been assigned "and considering the record of the judgment of the Circuit Court, there seems to be no error thereon," on motion the judgment

would be affirmed with costs, thereby implying that an error, if fundamental or jurisdictional, appearing on the face of the record of the judgment could be considered by the court. However, this must be an error of law and not an error of fact. *Jordan v. Petty,* 5 Fla. 326, text 332. We are of the opinion that the weight of authority is to the effect that, where a jurisdictional or other fundamental error of law is apparent on the face of the record itself, such error may be considered by the appellate court, though it is not assigned. *Ives v. Finch,* 28 Conn. 112; *Crandall v. State,* 10 Conn. 339, text 371; *Woodruff v. County of Douglass,* 17 Oreg. 314, 21 Pac. Rep. 49; *Schiff v. Solomon,* 57 Md. 572; *Boarman v. Patterson,* 1 Gill (Md.), 372; *St. Joseph Manufacturing Company v. Harrington,* 53 Iowa, 380; *McDaniel v. Moody,* 3 Stew. (Ala.) 314; *Miller v. Sunde,* 1 N. Dak. 1, 44 N. W. Rep. 301; *Huntsman v. Linville River Lumber Co.,* 122 N. C. 583, 29 S. E. Rep. 838; *Carter v. Rountree,* 109 N. C. 29, 13 S. E. Rep. 716; *Coburne v. Poe,* 40 Texas, 410; *Lee v. Dozier,* 40 Miss. 477; *Clark v. Bayer,* 32 Ohio St. 299, text 304; *Castledine v. Mundy,* 4 Barn. & Adolph. 90. Also see 2 Ency. of Pl. & Pr. 928; 2 Cyc. 984.

The proper practice in a case where a jurisdictional or fundamental error is found in the record, whether the same be assigned or not, is for the appellate court to reverse the judgment entered in such case. In addition to the authorities above cited, see the following. in which it was held that a void judgment or a judgment rendered without authority should be reversed. *Glens Falls Ins. Co. v. Porter,* 44 Fla. 598, 33 South. Rep. 473; *Petty v. Durall,* 4 G. Greene (Iowa), 120; *United States v. Nourse,* 6 Pet. 470; *Jordan v. Dennis,* 7 Metcalf, 590; *Borough of Stonington v. States,* 31 Conn. 213; *Cooper v. American Central Ins. Co.,* 3 Colo. 318; *Castleberry v. State,* 68 Ga. 49; *Gray v. Thrasher,* 104 Mass. 373; *Abrams v. Jones,* 4 Wis. 806.

It seems that such a judgment as the one entered in the instant case would be held void even on collateral attack. *Wilson v. Sparkman,* 17 Fla. 871; *Einstein's Sons v.*

*Davidson,* 35 Fla. 342. Also see section 1277 of Revised Statutes, which makes it the duty of this court "to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law."

As has been said, a promissory note formed the cause of action in the instant case. The record discloses that said note provided for the payment of "a reasonable attorney's fee" in the event it became necessary to collect said note through an attorney. On sustaining the demurrer to defendant's pleas the court below at chambers rendered judgment against the defendant and instructed the clerk to assess the plaintiff's damages and costs and to enter up final judgment therefor. Plaintiff's attorneys produced and filed with the clerk said original promissory note and an *ex parte* affidavit from a practicing attorney to the effect that $40.00 would be a reasonable attorney's fee in said action, whereupon said clerk, not in term time, but in vacation, entered up against the defendant judgment in favor of the plaintiff for the sum of $232.50. Said judgment entry of the clerk, on the face of it, shows that he acted on testimony in a case in which he had no authority to act, in that he undertook to ascertain from an affidavit of a practicing attorney what was a *reasonable* attorney's fee, and lumped together in the judgment whatever he *judicially* determined was due as a reasonable attorney's fee with the amount he calculated to be due on the note for principal and interest. This action of the clerk was clearly erroneous and without authority.

In *Glens Falls Ins. Co. v. Porter, supra,* this court held that "the statute (section 1035, Rev. St.) that gives authority to clerks to enter final judgments contemplates that the clerk can enter a final judgment after default only in those cases where the cause of action is purely and simply a money demand founded upon a contract for the payment of money only. In cases where extrinsic evidence *dehors* the contract sued upon is necessary to ascertain the amount to be re-

covered, the clerk has no authority to entertain such evidence or to found a final judgment thereon." Also see *Blount v. Gallaher,* 22 Fla. 92; *Snell v. Irvine,* 17 Fla. 234; *Coons v. Harlee, Id.* 484; *Ropes v. Snyder Harris Bassett Co.,* 37 Fla. 529, 20 South. Rep. 535. And "upon a hearing in damages, after the overruling of a demurrer, the case stands with reference to the evidence necessary for the plaintiff and admissible for the defendant, precisely as it would have stood upon a default." *Havens v. Hartford and New Haven R. R. Co.,* 28 Conn. 69; *Town of South Ottawa v. Foster,* 20 Ill. 296; *Lamphear v. Buckingham,* 33 Conn. 237. That the clerk acts in a mere ministerial capacity in entering judgments, and has no power to ascertain the damages but on a writing ascertaining the plaintiff's demand, in addition to the authorities cited *supra,* see 1 Black on Judg. (2nd ed.), sec. 88; *Hanrick v. Farmers' Bank of Chattahoochie,* 8 Port. (Ala.), 539. Had the note in question provided for a fixed percentage of the amount as an attorney's fee then the clerk could have .entered the judgment, for he could have ascertained the amount by a mere calculation. *Alexander v. McDow,* 108 Cal. 25, 41 Pac. Rep. 24. However, in order to ascertain what would be a *reasonable attorney's fee* in any case requires the introduction of testimony. See *Gunby v. Drew,* 45 Fla. 350, 34 South. Rep. 305, and authorities cited therein; *First National Bank of Muscatine v. Krance,* 50 Iowa, 235; *Wyant v. Potterff,* 37 Ind. 512; *Orr v. Sparkman,* 120 Ala. 9, 23 South. Rep. 829. An *ex parte* affidavit was not testimony, and the clerk had no authority to consider it.

The proper practice in an action at law, where testimony is necessary for the ascertainment of damages, is to have the same assessed by a jury. See 1 Black on Judg. (2nd ed.), secs. 90 and 91; 1 Dan. on Neg. Inst. (5th ed.), sec. 61a; 1 Suth. on Dam. 773; *Parkhurst v. Stone,* 36 Fla. 463, 18 South. Rep. 596; *Glens Falls Ins. Co. v. Porter, supra; Thompson v. Haislip,* 14 Ark. 220; *Denison v. Mair,* 14 East, 622; *Kennon v. M'Rae,* 3 Stew. (Ala.) 249; *Wallace*

*v. Henry,* 5 Ark. 105 ; *Finn v. Commonwealth,* 5 J. J. Marsh. (Ky.) 338 ; *Van Vleet v. Adair,* 1 Black. (Ind.) 346 ; *Hickman v. Baltimore & Ohio R. Co.,* 30 West Va. 296, 4 S. E. Rep. 654, 7 S. E. Rep. 455 ; *Mizell v. McDonald,* 25 Ark. 38.

It follows from what has been said that for the error found the judgment must be reversed and the case remanded for such proceedings as may be in conformity with law and not inconsistent with this opinion. However, as the errors assigned by the plaintiff in error have been found to be without merit, it is ordered that the costs in this court be equally taxed against the plaintiff and defendant in error respectively.