Macrae, J.,
delivered the following opinion:
This case comes up by writ of error, from the judgment of the Circuit Court of Franklin County, rendered in an action of assumpsit brought by the Bank of the State of Georgia against D. B. Wood & Co., merchants, &c., to recover the amount of a bill of exchange drawn by the defendants and endorsed to the plaintiffs.
The declaration contains a special count on a bill of exchange for $8,500 drawn by defendants, and the usual money counts. Judgment went by default and damages were duly assessed by a jury under a writ of enquiry.
There is no bill of exceptions returned in this case, but it has been brought up to this Court by writ of error, under which various grounds of error have been assigned, the principal of which, however, as disclosed by the record, is that the writ under which the action proceeded, is “ illegal and void, not being returnable to the Term of the Court next succeeding the date of the issuing of the writ.”
There is no question that in cases of judgment by default, the plaintiff is bound to see to the regularity of his judgment, and that his declaration and pleadings are correct at law, so as to entitle him to such judgment upon an inspection of the record.
Let us, then, examine the situation of this case in the Court below, and enquire whether the law has been complied with so far as. to entitle the plaintiff to judgment upon the pleadings of record. In making this enquiry, it is necessary, upon the question which has been raised, to look at the writ in its connection with the other proceedings of the case ; and it is insisted for the defendant in error, that we shall also, in the same connection, take notice of the docket of the Court below, a transcript of which has been sent here under a writ of certiorari, in order to avoid the objection thus set up.
It appears that on the 15th day of November, 1844, the plaintiff’s attorney filed his prascipe agreeably to out statute, with the Clerk of the Circuit Court of Franklin county, on which the latter issued the writ of summons ad respóndendum in question, bearing date the 18th of December, 1844, and made returnable “ on the first Monday of December next.” On this writ the following return was endorsed by the Marshal who served it; “ Received in office, 18th Nov’r., *375 1844, and served personally by copy on D. B. Wood, and by copy íbr N. J. Deblois left at his office with a white person over fifteen years of age. R. MYERS, Marshal,
Nov. 19th, 1844. Pr. H. R. Taylok, D. M.
On the 23d day of December, 1844, the plaintiff, by his attorney, filed his declaration, immediately after which on the amended record is the following entry:
And thereupon the said defendants, by Davis and Brockenbrough, their attorneys, entered their appearance in this cause.”
The record next sets forth an affidavit of the plaintiffs’ attorney made on the 4th August, 1845, pursuant to law, to the effect that defendant had failed to file any plea in this cause for seventy days in accordance with the rules of Court, and praying judgment. Next appears the entry of judgment by default for the want of a plea, entered 19th of Dec., 1845, and then follows .the award of a writ of enquiry, which was executed the same day, and final judgment entered up against the defendant accordingly.
This is a summary of the whole of the proceedings appearing of record.
We deem it pertinent here to suggest, that a course different from that which has been pursued in the Court below in this case, might, and perhaps ought to have been taken by one or other of the parties, by the plaintiff, in correcting any mistake that may have existed in the process, if any such appeared, by amendment or a new proceeding ; or by the defendant in taking exception to the writ, by motion to quash or otherwise, before final judgment was rendered. Be this as it may, the ground of error here assumed gives us occasion to repeat what has been declared in other opinions of this Court, pronounced during the present term, that apart from radical errors apparent of record, the proper office of this Court is not to repair mere omissions and irregularities of the parties, or their counsel in the Court below; but errors committed by the latter, in decisions made upon points submitted to it, or refusals to decide any questions so submitted. In this instance, neither of the parties appear to have taken any notice of what seems to have been a mere blunder in the inception of the suit, much less to have brought it to the consideration of the Court; whereas, had it been noticed it might have been rectified without inconvenience or expense.
*376 We are, however, of the opinion that, in the aspect in which the case presents itself, the entry of the attorneys’ names by the Clerk on the docket regularly kept for that purpose according to law, cured the irregularity occasioned by the erroneous date of the writ, in virtue of the 22d section of the act of this State, concerning judicial proceedings, (Duval’s Comp., 95), which provides, “ that when the name of any attorney of the Court is placed upon -the appearance docket as counsel for the defendant, it .shall be considered as so far equivalent to filing' the general issue, as to prevent a judgment by default, though no plea or answer be in fact filed in said cause.”
This Court will take judicial notice of the law in this respect, and in view of the necessary connection of this entry of appearance with the other proceedings in the case, will, to that extent, regard such entry on the docket as matter of record, so as to save the judgment, if there be no other objection.
All pleas are matters of record, and although the entry in question, may not be in fact a plea filed in the cause, it is a plea entered of ¡record, to the extent and intendment contemplated by the statute, to wit, to shew that the defendant appears and contests the action, and that he claims an imparlance, at least, for the purpose of further preparation or reflection as to the mode or means of such defence, if he shall think proper to continue it in the regular forms of pleading. All such proceedings are vital steps in the progress of the cause and should therefore be considered inseparable from the record of the case. As the mere act of spreading a subject matter upon the record book of the Court, does not therefore constitute it a matter of record in law, so the mere failure to insert on the minutes a matter of fact essential to the record, and properly a part of it, does not divest it of its character and vitality as such, but it may be brought to the view of the Appellate Court when so omitted by. the means adopted in this case. This point having been sufficiently considered and determined in another case decided at the present term, we deem it unnecessary to illustrate it by authorities or further to discuss it.
But independently of this view, we see no good reason to disturb the verdict and judgment on the ground that the writ was void; on the contrary, we think that a sensible view of all the facts and circumstances, obviates the difficulty growing out of the erroneous date of the writ. It was made returnable to “ December next,” and not *377 ■withstanding it bears date, in writing on its face, the 18th December, 1844, it was evidently in fact issued as early as the 18th day of November, 1844, for on that day it was served on the defendants as appears by the officer’s return dated the following day. This furnishes an historical date to the process, that precludés the idea that it issued on a day subsequent to the date of its service, or the supposition that the defendants were misled as to the appearance day to which they were summoned. It being an impossible date, it may be regarded as if no date had been expressed ; and when we consider that this must have been a mere blunder in the attestation of the Clerk, shown to have been such by the actual service of the process on the 18th of November 1844, we hardly think that the defendants could have been misled or surprised by it.
It may, perhaps, have been well to have amended the writ in the Court below, or to have quashed it; but, under all the circumstances, we do not think that after judgment without objection, this ground of error commends itself in any respect to the favorable consideration of this Court.
As to the remaining errors assigned, the defendants are pot properly recti in curia. Their objections not having been presented and determined in the Court below, they cannot-be noticed here, unless they were staring us in the face on the record. As has been already decided by this Court, the note assumed to have been the ground of the verdict, is not a part of the record, not having been made so by bill of exceptions. In this view,- there is nothing to combat the inference .that there was legal evidence presented before the jury and Court sufficient to sustain the verdict of .damages in response to the declaration. The only question then is, is the latter sufficient to support the verdict and judgment ? In view of the various counts in the declaration, we do not think it necessary to discuss the objections taken to the first one in order to determine that the declaration is sufficient, with adequate proof to sustain it, which proof, as before stated, it is presumable, -was presented on the trial below. We are therefore of opinion that there is no error in the judgment below, that appears from a careful inspection of the record, wherefore it is affirmed with costs.