THE FLORIDA DEVELOPMENT COMPANY AND O. M. CROSBY, *Plaintiffs in Error,* v. THE POLK COUNTY NATIONAL BANK, *Defendant in Error.*

Decision Filed January 10, 1919.

Writ of Error to Circuit Court for DeSoto County; F. A. Whitney, Judge.

PER CURIAM.—This cause having been submitted to the Court at a former term upon the transcript of the record of the judgment aforesaid, and argument of counsel for the respective parties, and the record having been

seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

TAYLOR, WHITFIELD, ELLIS and WEST, *JJ.*, concur.

BROWNE, C. J., dissents.

## On Petition for Rehearing.

1. In an action at law upon a written instrument for the payment of money, when a default has been duly entered against the defendant for want of appearance or for failure to plead or demur, the plaintiff, upon the production of the instrument sued on and the filing of the same in the cause is entitled under Section 1425, General Statutes of Florida, 1906, to a judgment against the defendant. It then becomes the duty of the Clerk to assess the amount which the plaintiff is entitled to recover and enter up judgment for the same, and in doing so he acts in a ministerial capacity.

2. The Court in which a cause is pending has the power to enter a judgment *nunc pro tunc.*

3. Where there has been delay in entering a judgment, and such delay was not caused by the laches or negligence of the party entitled to the judgment, but by the error or misprision of the Court or its Clerk, an entry *nunc pro tunc* of the judgment will be made, the interests of third parties not being affected and justice requires the entry to be made.

4.  An entry of a judgment *nunc pro tunc* may be made against a corporation twenty-two years after the judgment should have been entered, and several years after the corporation has become dissolved.

Rehearing denied.

*Treadwell & Treadwell* and *Brown & Jones,* for Plaintiffs in Error;

*John W. Burton* and *John C. Cooper & Son,* for Defendant in Error.

On Petition for Rehearing.

ELLIS, J.—The Polk County National Bank in January, 1917, filed its motion in the Circuit Court for DeSoto County to amend *nunc pro tunc* the final judgment obtained by the movant against The Florida Development Company and O. M. Crosby in September, 1895, in a cause then pending in the Circuit Court for said county.

The Florida Development Company and O. M. Crosby appeared by their attorneys in opposition to the motion and urged that the Charter of The Florida Development Company expired by limitation of law in 1911; that while the Polk County National Bank, which in 1895 did "recover a judgment against the Florida Development Company and the said O. M. Crosby" it had assigned its interest in the judgment to another, and, therefore, is not a party in interest, and that the judgment sought to be amended appears on its face to have been barred by the statute of limitations.

On January 18, 1917, the court on the hearing of the motion entered an order "amending the judgment *nunc*

*pro tunc.*" To this judgment of the court a writ of error was taken in behalf of the defendants, the Florida Development Company and O. M. Crosby.

The judgment was affirmed by this court January 10,, 1919, without written opinion.

The plaintiffs in error by petition now ask for a rehearing. The grounds urged are that this court failed to consider that the judgment amended was entered by the clerk of the court who under the statute (Section 1035 of the Revised Statutes, 1892) had no authority to include in the judgment an allowance for attorneys' fees, which nevertheless was done, so the judgment was void; that the judgment sought to be amended was more than twenty years old; that there is no provision of law which authorizes the court to amend a judgment "rendered" by the clerk during vacation; that when the *nunc pro tunc* order was made the Florida Development Company had ceased to exist by limitation of its charter and its debts were thereby extinguished.

The bill of exceptions shows that the movant offered in support of its motion a certified copy of the judgment entered by the clerk on the 16th day of September, 1895. This judgment is set out in full in the case of Smith v. Wilson, 71 Fla. 624, 71 South. Rep. 919. In that case Smith, the plaintiff in error, contended that the "so-called" judgment was not a judgment of the court, "but a mere finding of the clerk as to the defendant's indebtedness to the plaintiff and the amount due and was not such an adjudication as concluded the matter in controversy between the parties upon which legal process for its enforcement could issue." We held that an inspection of the document showed the names of the parties, the court in which the action was pending, that the defendants had been duly served with process and had ap-

peared, but had failed to plead or demur; that a default had been duly entered against them for failure to plead or demur, that the action was upon a written instrument for the payment of money and that the plaintiff had produced and filed the same and that the clerk undertook to "enter" final judgment against the defendants under Section 1035, Revised Statutes of 1892, Section 1425, General Statutes of 1906. That assuming that the clerk acted upon the proofs submitted in assessing the amount due he had not exercised the power conferred by the statute to *"enter"* a judgment therefor.

In other words, while all the conditions existed and were complied with which the statute provides and which entitled the plaintiff to a judgment, the failure to enter the judgment proper was a mere misprision of the clerk of the court. The declaration, the process, service, appearance and default were all regular. The plaintiff produced and filed the instrument sued on, which was a written instrument for the payment of money. Thus far the plaintiff was charged with the duty of attending to the regularity of the proceedings. See Wood v. Bank, 1 Fla. 378.

The plaintiff was then entitled under the statute to his judgment. That it was not duly *"entered"* in formal words was the fault of the clerk. Having complied with all the requirements of the statute and having submitted a cause regular in all its proceedings the plaintiff was *then* entitled, under the law, to his judgment. In fact, the statute under such circumstances operates to produce the same situation as when a judgment is pronounced by the mouth of the court or judge after a trial upon the issues. It is the affirmation of the statute, it is the sentence and determination of the law and depends not upon the opinion or conclusion of a court or judge, but upon

634    SUPREME COURT OF FLORIDA.

The Fla. Dev. Co. et al. v. The Polk Co. Nat. Bank—Decision of Court.

the regularity of the proceedings in a cause duly commenced in a proper forum, the due and proper entry of a default against the defendant for failure to plead or demur and the production of the instrument sued upon and the assessment thereon by the clerk of the amount due. The "entry" by the clerk of such a judgment is purely a ministerial function. See 1 Black on Judgments (2nd ed.), Sec. 88, cited with approval in Parker v. Dekle, 46 Fla. 452, 35 South. Rep. 4. That the clerk had jurisdiction to enter the judgment was not denied, all the conditions were complied with; the cause was one in which the clerk was authorized to assess the amount due and enter a judgment therefor. But as we said in the Smith-Wilson case, *supra*, the clerk failed to enter the judgment. If a judgment had been entered, but for an amount greater than the plaintiff was entitled to, or if it contained some mistake or irregularity it would probably not be void, but merely voidable and subject to be cured by motion or corrected on appeal. See 1 Black on Judgments (2nd ed.), Sec. 88; Lenoir v. Broadhead's Admr., 50 Ala. 58; Sherry v. Priest, 57 Ala. 410; Hastings v. Alabama, State Land Co., 124 Ala. 608, 26 South. Rep. 881; Alpers v. Schammel, 75 Cal. 590, 17 Pac. Rep. 708; Wall v. Covington, 83 N. C. 144; Arrington v. Conrey, 17 Ark. 100; Smith v. Hood, 25 Penn. 218; Sherman v. Nixon, 37 Ind. 153. The authority of the court to amend judgments in such cases is generally conceded; it arises from the high equity powers of the court, which enable it to correct errors and make the record speak the truth whenever the ends of justice require, said the Arkansas court in Arrington v. Conrey, *supra*. In the Parker-Dekle case, *supra*, the court held that the action of the clerk on testimony, which he had no authority to consider in assessing the amount the plaintiff was en-

titled to recover, rendered the judgment as entered erroneous. The court regarded the error as fundamental or jurisdictional. In the instant case, however, the clerk merely assessed the amount due for principal and interest and ascertained that there was also due a certain sum for attorneys' fees, but entered no judgment for either amount, nor for any amount, although, as we said in the Smith-Wilson case, *supra,* he undertook to do so.

The question in the instant case is, had the court below power to enter the judgment *nunc pro tunc?* We treated the motion as one to order a *nunc pro tunc* entry of the judgment. The language of the motion, however, in one part is to "amend *nunc pro tunc* the final judgment entered," while in the third and fourth grounds of the motion the language indicates the purpose of securing the entry of a judgment now for the time when the plaintiff was entitled to it. The third ground states that the proposed judgment is in accordance with the records and files in the cause, and the fourth ground states that it is such a judgment as the plaintiff was entitled to have entered on September 16, 1895. The bill of exceptions fully sustains these two grounds, and it does not appear that any injury will result to third persons by the entry.

The power of the court to enter judgments *nunc pro tunc* is universally conceded. It is one which has been recognized and exercised from ancient times and as a part of the courts' common law jurisdiction. See 1 Black on Judgments (2nd ed.), Sec. 126; Mohun's Case, 6 Mod. 59; Mayor of Norwich v. Berry, 4 Burr. 2277; Evans v. Rees, 12 Adol. & E. 167 (40 Eng. Com. Law. 46); Mitchell v. Overman, 103 U. S. 62; Sanderson v. United States, 210 U. S. 168, 28 Sup. Ct. Rep. 661; Hess v. Cole, 23 N. J. L. 116. The general principle is that whenever delay in entering a judgment is caused by the action of the

636 SUPREME COURT OF FLORIDA.

The Fla. Dev. Co. et al. v. The Polk Co. Nat. Bank—Decision of Court.

court, judgment *nunc pro tunc* will be allowed as of the time when the party would otherwise have been entitled to it if justice requires it. See McNamara v. New York, L. E. & W. R. Co., 56 N. J. L. 56, 28 Atl. Rep. 313; Ferrell v. Hales, 119 N. C. 199, 25 S. E. Rep. 821; 15 R. C. L., pp. 622-629. The power to enter a judgment *nunc pro tunc* is often exercised after one of the parties to the action dies, or in case of a corporation after its dissolution. 15 R. C. L., p. 626.

It cannot be said that the failure of the clerk to "enter" the judgment is attributable to the laches or negligence of the plaintiff, although a high degree of prudence would have dictated an examination of the clerk's entry on the minutes of the court to ascertain if he had in fact made the proper entry. Stern v. Bennington, 100 Md. 344, 60 Atl. Rep. 17. There is some confusion of the terms "render" and "enter" in connection with the statutory judgment to which the plaintiff in a case is entitled and which is secured to him by the provisions of the act where he has complied with all its requirements. It is the plaintiff's duty to see to it that the proceedings are regular up to and including the request for a default, and after that it is his duty to produce and cause to be filed the instrument in writing for the payment of money upon which his action is founded; then the statute assures, declares, affirms, pronounces as it were the judgment, which it is the duty of the clerk to "enter" after he has assessed or ascertained the amount due.

In the instant case there was no conceivable objection to the *nunc pro tunc* entry of the judgment. The proceedings in the case in which the plaintiff became entitled to the judgment were all regular; the default for want of a plea or demurrer was duly entered; the plaintiff had produced and caused to be filed the written instrument for

the payment of money on which the action was founded and the clerk had assessed thereon the amount due for principle and interest, for that amount the statute secured a judgment to the plaintiff, the clerk's act in assessing attorneys' fees and designating separately an amount therefor was unauthorized and superfluous, the statute gives no judgment therefor and authorizes none to be entered for such fees under these circumstances, the failure to enter the proper judgment was the fault of the court's clerk and was not attributable to the negligence or laches of the plaintiff (15 R. C. L., p. 627), and the court had the power to order a *nunc pro tunc* entry of the judgment; the interest of no third party appears to be affected thereby and the ends of justice required the entry to be made. The dissolution of the corporation defendant was not an obstacle (15 R. C. L., p. 626) and the record does not disclose that the plaintiff had no interest in the matter. The fact that the Polk County National Bank in 1897 sold its judgment did not divest it of the right to maintain this motion in the original cause to the end that the record should be made to speak the truth and the bank's transferee made secure in her purchase of the judgment and all interests acquired thereunder protected. The purpose of the motion is to protect the interests of all persons who acquired rights under the judgment and subsequent proceedings.

The effect of the order is merely to enter of record now the judgment which the plaintiff bank had obtained under the statute in 1895, and which through the neglect of the clerk had not been entered on the record. Third persons, it is understood, cannot be injured by the court's action. See 1 Black on Judgments (2nd ed.), p. 190.

The case of Hagler v. Mercer, 6 Fla. 721, is in some respects not unlike the one at bar. There judgment was

given by *nil dicit,* the defendant withdrew his plea and said nothing. A writ of inquiry was issued to the clerk to assess damages, he entered a judgment formally, but left a blank where the damages and costs should have been· inserted, and died. At the next term "a judgment was entered on motion to supply this deficiency." Thus the judgment to which the plaintiff was entitled at the former term was completed by the *nunc pro tunc* entry. The lapse of time seems not to affect the court's power to make such an order, nor does the death of one of the parties. See 1 Black on Judgments (2nd ed.), p. 190; Davies v. Davies, 9 Ves. Jr. 461; Campbell v. Mesier, 4 Johns. Ch. (N. Y.) 335; Bank of U. S. v. Weisiger, 27 U. S., 7 L. Ed. 492; Mitchell v. Overman, *supra.*

The petition for a rehearing is, therefore, denied.

TAYLOR, WHITFIELD AND WEST, J. J., concur.

BROWNE, C. J., dissents.

BROWNE, C. J., *dissenting.*—In 1895 suit was brought in the Circuit Court in Polk County by the defendant in error against the plaintiff in error. On the 2nd of September, 1895, judgment by default was entered by the clerk. Subsequently plaintiff's attorney produced and filed with the clerk affidavits of two practicing attorneys to the effect that one hundred and seventy-five dollars would be a reasonable attorneys' fee in that action, and on the 16th of September he entered a final judgment in favor of the plaintiff as follows:

"The above-styled cause coming on to be further heard on this the 16th day of September, 1895, and it appearing from the returns of the Sheriff filed herein that the

defendants were duly served according to law; that the plaintiff filed its cause of action in said cause, the same being a promissory note given by said defendant. It also appearing that defendants filed their appearance according to law, but, having failed to plead, answer or demur, it further appearing that a default judgment was duly entered up against the defendants for want of such pleadings, it is, therefore, ordered and adjudged that the defendants are due the plaintiff the sum of $1,500 as principle and $50 accrued interest to this date, also $175 attorney's fee, together with thirteen dollars and eighty-six cents cost in said cause by it expended and that execution issue therefor.

"Witness my hand and official seal at Arcadia, Fla., date above written.

'  "(Seal.)      JOHN H. ALFORD, Clerk."

The suit was on a primossry note for $1500 with interest after maturity at the rate of ten per cent. per annum until paid, and contained provision for "reasonable attorney's fee."

On the 11th day of January, 1917, more than twenty-one years after the entry of final judgment by the clerk, the Polk County National Bank filed its motion to amend *nunc pro tunc* the final judgment entered on September 16, 1895, and on the 18th day of January, 1917, the Circuit Judge entered his order amending the judgment to read as follows:

"The above styled cause coming on to be further heard on this the 16th day of September, 1895, and it appearing from the return of the Sheriff filed herein that the defendants were duly served according to law; that the plainiff filed its cause of action in said cause, the same being a promissory note given by said defendants; it also appearing that defendants filed their appearance accord-

ing to law, but having failed to plead, answer or demur; it further appearing that a default judgment was duly entered up against defendants for want of such pleadings; and it being ascertained and determined by the clerk of said court from the said proofs produced and filed herein, to-wit, the said promissory note, that the defendants are indebted to the plaintiff in the some of Fifteen Hundred Dollars as principal, together with the interest thereon;

"It is therefore ordered and adjudged that the defendants are due the plaintiff the sum of Fifteen Hundred Dollars as principal and Fifty Dollars accrued interest to this date;

"It is therefore also further ordered, considered and adjudged by the Court that the plaintiff, the Polk County National Bank, do have and recover of and from the said defendants, the Florida Development Company, a corporation created and existing under the laws of the State of Florida, and O. M. Crosby, the sum of Fifteen Hundred Fifty Dollars ($1550.00) as damages, together with Thirteen Dollars and Eighty-six Cents costs in said cause by it expended, and that execution issue therefor.

"Witness my hand and official seal at Arcadia, Fla., date above written.

"(Sd.)                    JOHN U. ALFORD,
                                "Clerk."

It is quite clear that the clerk had no authority to enter the final judgment of September 16, 1895, allowing $175 for attorney's fee, but he intended to so enter it, and it is not claimed that such was not his intention. It is also quite clear that the judgment which the Circuit Judge ordered to be entered on January 18, 1917, was not an attempt to amend the record so as to make it speak the truth, but was intended to correct a fundamental error in the original judgment.

A judgment may be corrected by a *nunc pro tunc* order where there has been a mistake or error in entering it, whereby it appears that the judgment was not the judgment that was intended to be entered.

The judgment in this case shows on its face that it was in truth and in fact the identical judgment that the clerk intended to enter. Neither the motion nor the order of the court is based on any idea, claim or pretense that the judgment which was sought to be amended was not the identical judgment the clerk intended to enter. If he transcended his authority and entered a judgment for which there was no warrant or authority in law, it was a nullity. The rule is thus stated in Ruling Case Law: "As in the case of the ordinary amendments of all judgments, the power of the Court to amend judgments *nunc pro tunc* does not extend to modifying the substantive judgment previously determined upon and intended to be entered." Vol. 16, p. 682. "In the exercise of its power of amendment, the court is not, however, authorized to do more than to make its records correspond to the actual facts, and cannot, under the form of an amendment of its records, correct judicial error, or make of record an order or judgment that was never in fact given." Vol. 7, p. 1020.

The question seems to me to be settled in this State, in accordance with the sound principles laid down by text-book writers and decisions of other courts, and the effect of the decision of the majority of the court in this case will be to overrule that of Parker v. Dekle, 46 Fla. 452, 35 South. Rep. 4. In that case the promissory note that formed the cause of action provided, as in the instant case, for the payment of "a reasonable attorney's fee." Demurrers to the defendant's pleas were sustained and the court rendered judgment against the defendant and instructed the clerk to assess the plaintiff's damages and

41—Vol. 76.

costs and to enter up final judgment therefor. The plaintiff's attorney filed with the clerk an affidavit from a practicing attorney to the effect that $40 would be a reasonable attorney's fee in that action, and thereupon the clerk "not in term time, but in vacation, entered up against the defendant judgment in favor of the plaintiff for $232.50."

In an opinion by Mr. Justice Shackleford, this Court said: "Where the record itself discloses a jurisdictional or other fundamental error, such as that the Court below in entering the judgment was without jurisdiction, or that the judgment is void on its face, such matter may be considered by this court, even though no error by assigned expressly presenting same. * * * The proper practice in a case where a jurisdictional or fundamental error is found in the record, whether the same be assigned or not, is for the Appellate Court to reverse the judgment entered in such case. In addition to the authorities above cited, see the following, in which it was held that a void judgment or a judgment rendered without authority should be reversed. Glens Falls Ins. Co. v. Porter, 44 Fla. 598, 33 South. Rep. 473; Petty v. Durall, 4 G. Greene (Iowa), 120; United States v. Nourse, 6 Pet. 470; Jordan v. Dennis, 7 Metcalf, 590; Borough of Stonington v. States, 31 Conn. 213; Cooper v. American Central Ins. Co., 3 Colo. 318; Castleberry v. State, 68 Ga. 49; Gray v. Thrasher, 104 Mass. 373; Abrams v. Jones, 4 Wis. 806.

"It seems that such a judgment as the one entered in the instant case would be held void even on collateral attack. Wilson v. Sparkman, 17 Fla. 871; Einstein's Sons v. Davidson, 35 Fla. 342."

In Glens Falls Insurance Company v. Porter, 44 Fla. 568, 33 South. Rep. 473, this court said: "It is settled here that the authority of the clerk of the clerk of the

Circuit Court to enter final judgments consequent upon defaults is derived entirely from the statute, and the statute must be strictly pursued. Blount v. Gallagher, 22 Fla. 92; Snell v. Irvine, 17 Fla. 234; Coons v. Harllee, 17 Fla. 484; Ropes v. Snyder Harris Basset Co., 37 Fla. 529, 20 South. Rep. 535. The statute, section 1035, Revised Statutes, that gives authority to clerks to enter final judgments, contemplates that the clerk can enter a final judgment after default only in those cases where the cause of action is purely and simply a money demand founded upon a contract for the payment of money only. In cases where extrinsic evidence *dehors* the contracts sued upon is necessary to ascertain the *amount* to be recovered the clerk has no authority to entertain such evidence or to found a final judgment thereon."

An attempt is made to differentiate the judgment in Parker v. Dekle, *supra,* and that in the instant case, because in the former the clerk added the amount of the attorney's fee to the amount of damages and entered the total sum in the judgment, while in the instant case he entered the items of damages and attorney's fee separately. The record in the former case shows that the amount of attorney's fee was $40, and it could have as readily been subtracted from the total amount of the judgment in that case as was attempted to be done by the Circuit Judge in the case at bar.

As the error in this case was fundamental, it could not be validated by a *nunc pro tunc* amendment, which made an entirely different judgment from that which the clerk entered, or intended to enter.