My view of this question is that the court has a continuing power over its records and authority to make them speak the truth. And where a judgment or decree or order was actually rendered, but not actually entered on the record in consequence of accident or mistake, or the neglect or omission of the clerk, the court has the inherent power to order such judgment, decree or order to be entered nunc pro tunc, the fact of its rendition being satisfactorily established and no intervening rights of innocent third parties being prejudiced. Fla. Development Co. v. Polk County National Bank, 76 Fla. 629, 80 So R. 560; 34 C. J. 71-81.
STRUM, J., concurs.
 (See the opinions on rehearings, following.) *Page 638 
 ON REHEARING. Opinion on rehearing filed October 17, 1929.
1. Failure to record an order or decree in equity in the chancery order book as required by Sec. 4948, C. G. L. 1927, renders any subsequent proceeding had thereon irregular and erroneous and subject to reversal upon direct attack (except as otherwise provided by Chap. 11922, Acts of 1927), but subsequent proceedings had upon such an unrecorded decree or order are not void so as to render them amenable to collateral attack.
2. Acting pursuant to Chap. 4359, Acts of 1895, a circuit judge on July 14, 1898, duly appointed a guardian for the estate of a person who had been previously adjudged insane by competent authority. The order of appointment was filed in the clerk's office on that date. The procedure leading up to said order was regular. Through inadvertence, the order was not recorded as required by Sec. 1448, Rev. Gen. Stats. 1892. By an ex parte order of the same court made on December 27, 1907, without notice to the ward it was ordered that the order appointing the guardian be recorded nunc pro tunc as of the date it was made and filed in the clerk's office. Upon a collateral attack, the purpose of which is to invalidate a sale of real estate belonging to the insane ward, made by the guardian during the interim between the making of the order of appointment and its recording nunc pro tunc, it is Held that the failure to record the order did not render the same void, but was a mere irregularity which was effectively remedied, at least as against collateral attack, by recording the order nunc pro tunc in the manner stated, no rights of third parties having intervened, no fraud being charged, and there being no showing of prejudice to the rights of the insane ward.
3. As to the public generally, and in so far as the public interest is affected, an inquisition proceeding in which a person is adjudged insane is in the nature of a proceeding in rem.
4. As to the person whose sanity is in question, an inquisition in lunacy is a proceeding in personam in which due notice and *Page 639 
an opportunity to be heard must be afforded the subject of the inquisition.
5. A proceeding for the sale of property of one who has been previously adjudged by competent authority to be a lunatic, or insane, is a proceeding in rem, the property involved constituting the res.
6. When there has been a competent adjudication of lunacy, in which the requirements of due process have been observed as to the person whose sanity is in question, jurisdiction over the property of the lunatic located within the territorial authority of the court is complete, either for custody, for management or for sale.
7. A proceeding by a guardian for the sale of lands belonging to his insane ward is not a proceeding adverse to the ward.
8. An insane ward having been afforded the benefit of due process in the proceeding by which she was adjudged insane, is not entitled to notice and an opportunity to be heard as an adverse party in a proceeding by the guardian for the sale of her real estate, as would be the case where a personal judgment, or one adverse to the interest of the ward, is to be rendered.
9. A circuit judge on July 14, 1898, appointed a guardian of the estate of a person who had been previously adjudged insane by competent authority. The order of July 14, 1898, duly appointing the guardian was filed in the clerk's office but was not recorded in the minutes of the court as required by Sec. 1448, Rev. Stats. 1892. On October 5, 1898, the guardian, acting pursuant to the unrecorded order of appointment, sold certain real estate of his ward, the sale having been authorized by the county judge pursuant to statutory proceeding instituted for that purpose by the guardian in behalf of the ward. On December 27, 1907, the circuit judge on an ex parte hearing, in which the ward was not represented, ordered the original order appointing the guardian to be recorded nunc pro tunc as of the date it was made. Held, no denial of due process to the ward, the sale proceedings not being adverse *Page 640 
to the ward, and the ward having been afforded the benefit of due process in the proceeding by which she was adjudged insane.
10. When an existing judicial order or judgment is attacked collaterally, the scope of the inquiry is confined to jurisdictional infirmities which would render void the judgment under attack. The judgment of a court of competent jurisdiction as to both subject matter and parties can not be collaterally impeached for mere irregularity or error. This rule applies as well to courts of limited or special jurisdiction as to courts of general jurisdiction.
11. The jurisdiction of a county judge to authorize the sale of real property belonging to insane persons is not wholly statutory. The procedure, however, which is to be followed in the exercise of that jurisdiction is wholly statutory.
12. While the county judge in acting upon petitions to sell real estate belonging to insane persons acts as a court of general jurisdiction, his jurisdiction in such matters is not that of a court of general jurisdiction proceeding according to the course of the common law.
13. The rule that where a court of general jurisdiction has acted within the scope of its general powers, it will be presumed upon collateral attack that it had jurisdiction of the subject matter of the action and of the parties thereo, unless the contrary appears of record, is not applicable to the county judge in the exercise of his jurisdiction over the sale of real estate of insane persons. The jurisdiction of the county judge in such matters must affirmatively appear by his records, and when jurisdiction does not affirmatively appear in a particular case the judgment may be attacked collaterally and an absence of jurisdiction shown by evidence aliunde the record.
14. Notice of a guardian's intention to apply for leave to sell real estate belonging to an insane ward, as required by Sec. 1924, Rev. Stats. 1892, Sec. 5897, C. G. L. 1927, is not process, so far at least as the ward is concerned. Such notice is a jurisdictional prerequisite to the authority of the court to proceed *Page 641 
further, or to act pendente lite, even when the court has already acquired jurisdiction over the subject matter and the parties.
15. When a court of inferior or limited jurisdiction is authorized to inquire into and determine the existence of a fact upon which depends its own jurisdiction to proceed in a particular matter, and the record affirmatively shows that such court's jurisdiction was duly invoked for a determination of the jurisdictional fact and that it was affirmatively found by that court that such fact existed, such determination is conclusive against collateral attack unless clearly contradicted by other parts of the record of equal dignity with the finding.
16. Whether or not notice of a guardian's intention to apply to the county judge for leave to sell real estate belonging to his insane ward has been given as required by Sec. 1924, Rev. Stats. 1892, Sec. 5897, C. G. L. 1927, is a jurisdictional question of fact which it is within the jurisdiction of the county judge to determine. In such a proceeding, where it affirmatively appears by the record that the question of whether or not such notice had been given was presented to the county judge for decision, and it further affirmatively appears by the record that the county judge adjudicated that the notice had been given, such finding is conclusive upon collateral attack, unless contradicted by other parts of the record of equal dignity with the finding. Such finding can not be impeached by evidence aliunde the record.
17. In a guardian's sale of real estate belonging to an insane ward, an additional bond was given as then required by statute. The condition of the bond did not follow in haec verba the condition prescribed by the statute but in legal effect embraced the condition thereby acquired. Held, that the situation stated constitutes at most a mere irregularity in procedure and does not render the guardian's sale void or open to collateral attack.
A Writ of Error to the Circuit Court for Hillsborough County; Hon. W. T. Harrison, Judge pro hac vice.
 Affirmed on re-hearing. *Page 642 
 Phipps Coles, of Tampa, for Plaintiff in Error;
E. B. Drumright; Mabry, Reaves Carlton; Taliaferro, Morris Carter; and Reddick A. Bowman, all of Tampa, for Defendant in Error.