CLYDE W. FAWCETT v. GUY WEAVER, STANLEY WEAVER and W. G. WILSON.

163 So. 561.

Opinion Filed October 16, 1935.

*John W. Whelan,* for Plaintiff in Error;

*Rogers & Morris, George W. English, Jr.,* and *E. B. Griffis,* for Defendants in Error.

BUFORD, J.—In this case the writ of error brings for review a judgment in favor of the defendant in the court below in a suit in ejectment.

The one assignment of error relied upon is as follows:

"The court erred in rendering final judgment herein in favor of defendants herein on November 16, 1934, and recorded in the minutes of the Circuit Court in Book 17 at page 343 thereof."

This assignment of error would be held too general under authority of the opinion and judgment in the case of Stearns & Culver Lbr. Co. v. Adams, 55 Fla. 401, 45 Sou. 847, except for the fact that the assignment of error here presented is definitely limited by its application to the entry of the judgment at the *time* it was entered.

There is no bill of exceptions contained in the transcript of the record.

The record shows that a verdict was rendered for the defendant at the Spring Term of the Circuit Court in May, 1934.

Motion for new trial was duly entered and was denied on July 2nd, during the same Term of Court, but no final judgment was then entered. At the succeeding Term of the Court, in November, 1934, judgment was entered on the verdict in favor of the defendant.

It is contended by the plaintiff in error that it constituted reversible error for the Court to enter a judgment at the succeeding Term of Court to that during which the verdict was rendered and motion for new trial denied. It is elementary that an action at law once instituted is pending until final judgment is entered and it cannot be maintained under our system of practice and procedure that if the

Court fails to enter a judgment which is to be entered at one term of the Court it is precluded thereafter to close the case by the entry of a proper judgment on the record.

In Fla. Development Co. v. Polk County, 76 Fla. 629, 80 Sou. 560, we said:

"In other words, while all the conditions existed and were complied with which the statute provides and which entitled the plaintiff to a judgment, the failure to enter the judgment proper was a mere misprision of the Clerk of the Court. The declaration, the process, service, appearance and default were all regular. The plaintiff produced and filed the instrument sued on which was a written instrument for the payment of money. Thus far the plaintiff was charged with the duty of attending to the regularity of the proceedings. See Wood v. Bank, 1 Fla. 378.

"The plaintiff was then entitled under the statute to his judgment. That it was not duly *'entered'* in formal words was the fault of the clerk. Having complied with all the requirements of the statute and having submitted a cause regular in all its proceedings the plaintiff was *then* entitled, under the law, to his judgment."

And further, in that case it is said:

"The question in the instant case is, had the court below power to enter the judgment *nunc pro tunc?* We treated the motion as one to order a *nunc pro tunc* entry, of the judgment. The language of the motion, however, in one part is to 'amend *nunc pro tunc* the final judgment entered,' while in the third and fourth grounds of the motion the language indicates the purpose of securing the entry of a judgment now for the time when the plaintiff was entitled to it. The third ground states that the proposed judgment is in accordance with the records and files in the cause, and the fourth ground states that it is such a judgment as the

plaintiff was entitled to have entered on September 16, 1895. The bill of exceptions fully sustains these two grounds and it does not appear that any injury will result to third persons by the entry.

"The power of the court to enter judgments *nunc pro tunc* is universally conceded. It is one which has been recognized and exercised from ancient times and as a part of the court's common law jurisdiction. See 1 Black on Judgments (2nd ed.) Sec. 1, 126; Mohun's Case, 6 Mod. 59; Mayor of Norwich v. Berry, 4 Burr, 2277; Evans v. Rees, 12 Adol. & E. 167 (40 Eng. Com. Law, 46); Mitchell v. Overman, 103 U. S. 62; Sanderson v. United States, 210 U. S. 168, 28 Sup. Ct. Rep. 661; Hess v. Cole, 23 N. J. L. 116. The general principle is that whenever delay in entering a judgment is caused by the action of the court, judgment *nunc pro tunc* will be allowed as of the time when the party would otherwise have been entitled to it if justice requires it. See McNamara v. New York, L. E. & W. R. Co., 56 N. J. L. 56, 28 Atl. 313; Ferrell v. Hales, 119 N. C. 199, 25 S. E. Rep. 821; 15 R. C. L. pp. 622-629. The power to enter a judgment *nunc pro tunc,* is often exercised after one of the parties to the action dies, or in the case of a corporation after its dissolution. 15 R. C. L., p. 626."

So it appears clear that the defendant was entitled to have a judgment entered when the motion for new trial was denied, and the fact that the court failed to have the judgment entered upon the court minutes does not deprive the defendant of his right to such entry later. When such judgment is entered by the court during a subsequent term it becomes by operation of law a judgment *nunc pro tunc* as of the date of the denying of motion for new trial, if the order denying same was entered in Term time. The plaintiff in error here has no cause to complain that the judg-

ment was not made effective from the date when the defendant was entitled to have it entered and, therefore, if error occurred in that regard, it was harmless error.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHTFIELD, C. J., and TERRELL, J., concur.

DAVIS, J., concurs in the conclusion.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—I concur in the judgment of affirmance, but not in all the statements made in the opinion.

Strictly speaking, the doctrine of the entry of judgments *nunc pro tunc* does not apply in this case. There was no motion made for the entry of such a judgment, nor did the judgment which was rendered state that it was entered *nunc pro tunc*. The judgment as rendered on Nov. 16, 1934, correctly recites the verdict rendered on May 3, 1934, and then proceeds with the usual and proper form of judgment appropriate to such a verdict.

The sole question presented is whether the Circuit Court has power, at a succeeding term, to render judgment in a cause in which there had been a verdict rendered and motion for new trial denied during a preceding term.

The theory underlying *nunc pro tunc* judgments is that the judgment was in fact rendered at the appropriate time, but that by inadvertence or clerical error was not entered of record, and that this failure can be cured at a subsequent term by the rendition of a judgment *nunc pro tunc*. The rendition of a judgment is a judicial act; the entry of it is ministerial. There is no such condition here, nor does the record show, that any judgment had been pronounced or rendered at the preceding term. So, the question is whether the court can, during the term succeeding the trial and ver-

dict, render and enter a judgment on the verdict. In this case there was a motion for a new trial, but it was interposed and denied during the term at which the verdict was rendered.

In many states there are statutes requiring the entry of judgments during the term or within a certain definite period after the trial and verdict. We have no such statutes. In some states it is held that a judgment cannot be rendered at a succeeding term unless the rendition of the judgment is carried over by a proper record entry. This doctrine is by no means universal, and where it is not recognized, judgments may be entered at a term of court subsequent to that in which the trial was held. 15 R. C. L. 610-611; 34 C. J. 65-66. Where a judgment is entered *nunc pro tunc,* it relates back to the time when it should have been entered, but in a case like this, where the judgment proper is not rendered and entered until the succeeding term, it is an original judgment and takes effect as of the date of its entry; it does not become operative until rendered and entered. The case of Fla. Development Co. v. Polk County National Bank, 76 Fla. 629, 80 So. 560, involved an amendment *nunc pro tunc* of a prior judgment made upon motion filed. However, it was said in that case that:

"Where there had been delay in entering a judgment and such delay was not caused by the *laches* or negligence of the party entitled to the judgment, but by the error or misprision of the court or its clerk, an entry *nunc pro tunc* of the judgment will be made, the interest of third parties not being affected and justice requires the entry to be made."

In the case of Ellis v. State, 100 Fla. 27, 129 So. 106, we have, at least impliedly, held that an incomplete or defective judgment may be rendered complete by the entry of a proper judgment at a subsequent term. In that case, the

petition in certiorari sought to have quashed a purported judgment which imposed a fine upon petitioner, and in default thereof imprisonment in the county jail for three months, but which contained no adjudication of the petitioner's guilt. The judgment of the Circuit Court affirming the judgment of the Court of Crimes in that case was quashed, but with leave to the Circuit Court to remand the cause to the Court of Crimes for the enty of a proper judgment. In that case it was said:

"This rule was followed in Pittsburgh Steel Co. v. Streety, 60 Fla. 183, 53 So. R. 505, wherein this Court said: 'A judgment in an action at law is rendered when it is entered or recorded in the minutes of the court during term time or when in vacation it is put in form for such entry or record and is signed by the judge.' This cause also recognizes the power of the court in proper cases to have judgments entered *nunc pro tunc,* but holds that an appeal from an unentered judgment taken prior to such *nunc pro tunc* entry is ineffectual. Of course, where no judgment is in fact pronounced or rendered, at the close of a hearing or trial, the case remains unfinished on the docket until the judgment is later rendered and entered unless the court has lost jurisdiction of the case. Such a judgment, when entered, is not the entry *nunc pro tunc* of a judgment previously rendered but not entered of record; it is the entry of a judgment that had not theretofore been rendered—a new and original judgment."

The Supreme Court of Alabama has, in my opinion, stated the proper doctrine, to the effect that where a cause is tried, but no final judgment rendered, the cause remains *in fieri* and a final judgment may be rendered at a subsequent term. In the case of Campbell v. Beyers, 189 Ala. 307, 66 So. 651, it was held that where in ejectment a verdict for plain-

tiff is duly rendered, but no judgment is entered, a judgment may properly be entered at a subsequent term, it appearing that at the term during which the verdict was rendered motion for new trial had been made and overruled. There is a recent pronouncement by the Alabama Court on this same subject in *ex parte* French, 226 Ala. 297, 147 So. 631, where it was said:

"The contention of petitioner would probably be well supported if the court had rendered a final judgment, and the motion were to set it aside, and the motion had not been continued into the next term.. But the court may amend a judgment *nunc pro tunc* on record evidence, at a subsequent term, or, if no final judgment has been rendered, the cause is *in fieri*, and a final judgment may of course be rendered at a subsequent term. This legal status was thus fully explained in the case of Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Clinton v. State, 96 Ala. 111, 11 So. 299, and applied by us in Birmingham v. Andrews, 222 Ala. 362, 132 So. 877."

In other words, after this case had been tried and verdict rendered, a motion for new trial made and denied, but no judgment rendered, the case still remains pending, *in fieri*, on the docket of the court, and was not disposed of until the appropriate judgment was rendered and entered at the succeeding term. While I do not regard this an a *nunc pro tunc* judgment, I do not think the court had lost jurisdiction of the case, and as the case remained on its docket undisposed of until this judgment was rendered, such judgment was a valid judgment as against the attack here made upon it.

I think, therefore, that it should be affirmed.

DAVIS, J., concurs.