BAKER, JOSEPH P., Associate Judge,
dissenting:
This case began with a complaint in two counts, one alleging malpractice of a doctor and the other count alleging negligence of the Florida Board of Medical Examiners in allowing the defendant doctor to get into practice.
The doctor failed to respond in any way to the suit, unless you count the action of a trustee in bankruptcy who got a stay of this and other cases against the doctor. The Board of Medical Examiners on its part filed a motion seeking a change of venue. On April 5, 1976, the Circuit Judge ruled that venue lay in Leon County where the Board had its headquarters, a ruling with which no one has any quarrel. Amelia Island Mosquito Control District v. Tyson, 150 So.2d 246 (Fla. 1st DCA 1963). Three days after the judge announced his granting of the change of venue, plaintiffs had second thoughts about the effect of a transfer of venue, and they moved for a rehearing. The judge’s order was reduced to writing and signed and filed a few weeks later on April 28, 1976.
Then, on September 21, 1976, plaintiffs filed a second motion, this time seeking to sever the case against the Board from the case against the doctor. The board traversed this motion arguing that because an order transferring venue had been entered, the Brevard County circuit judge had no jurisdiction even to amend the transfer order or correct it to show that it applied only to the Board; neither could the suit be prosecuted in Leon County (argued the Board) because the transfer could not be completed until both the Board and the doctor could be transferred together, but that couldn’t be done so long as the doctor remained mired in his bankruptcy (and he still is). Ergo, the suit could not be prosecuted anywhere against either defendant, or in other words, the Board was saying to the plaintiff, “gotcha”.
On January 7, 1977, the Circuit Judge denied plaintiffs’ timely motion for rehear *1037 ing on the change of venue and granted the severance of the case against the Board from the case against the doctor. An appeal was taken from this order as being made after the trial court in Brevard County had lost jurisdiction with the transfer of venue.
But that’s not the end. On January 24, 1977, the trial judge entered an amended order that confirmed the January 7 order in all respects, and this amended order added some directions to the court clerk as to how to maintain a court file on the case in Brevard County and still transfer it to Leon County. The clerk was no doubt grateful, but not the Board, for the Board had filed its first notice of appeal on January 19, five days before the amended order. The Board now attacks the amended order of January 24 by an amended notice of appeal on the grounds that the trial court lost whatever jurisdiction it had on the filing of the notice of appeal on January 19.
The argument that a circuit court loses jurisdiction by entering an order transferring venue cannot be reconciled with Fla.R. Civ.P. 1.530 providing for motions for rehearing, and a timely motion for rehearing was filed in this case.
Besides, I read the January 7 order as simply explaining the earlier change of venue as applying to the Board alone, being the only party that sought a change of venue, being the only one entitled to it and being the only party defendant on whom the court could make a transfer while the bankruptcy stay was in effect. By the same token the January 24 order was nothing but an amendment clarifying and elaborating the January 7 order by directing the clerk on how to handle the court files to carry out the court’s order. Rule 1.540, Fla.R.Civ.P., makes official the court’s continuing jurisdiction to correct orders, even final ones, but common law (and common sense) recognize the same power of a court to amend its orders to prevent unjust and unintentional “gotchas”. For example, see Florida Development Co. v. Polk County National Bank, 76 Fla. 629, 80 So.2d 560 (1919), where the final judgment was 21 years old when a clerk’s mistake was corrected to prevent the judgment from being unenforceable.
I would affirm the trial court judge.